WILLIAMS, Circuit Judge,
concurring.
I join the majority’s opinion in full except as to Part II.C. I agree that, given the facts of this case, Sheriff Clarke’s discussion of Hutchins’s disciplinary history is not actionable under § 1983. I write separately to note that I do not read the majority’s opinion to overturn our circuit’s longstanding recognition that retaliatory speech may be actionable under § 1983 if it is likely to deter a person of ordinary firmness from exercising his First Amendment rights, even if not accompanied by a threat, coercion, or intimidation intimating punishment.
We have long recognized such claims. For example, in Bart v. Telford, 677 F.2d 622, 625 (7th Cir.1982), the plaintiff complained of a “campaign of petty harassments” designed to punish her for having run for public office and endorsing a candidate at a press conference following the primary election. Among other things, she was allegedly ridiculed for bringing a birthday cake to her office to celebrate a co-worker’s birthday. Finding that a “campaign of harassment which though trivial in detail may have been substantial in gross,” we reversed the district court’s dismissal of the complaint and remanded for a factual determination of whether the alleged “campaign reached the threshold of actionability under section 1983.” Id. at 625.
We reiterated this point in DeGuiseppe v. Village of Bellwood, 68 F.3d 187, 192 (7th Cir.1995), by explaining that “even minor forms of retaliation” such as “diminished responsibilities” or “false accusations” can be actionable under the First Amendment if sufficiently adverse to chill employee speech on matters of public concern. Since then, we have consistently applied this standard. E.g., Fairley v. Femaint, 482 F.3d 897, 903 (7th Cir.2007) (“Suppose the white guards at a prison mercilessly harass the black guards and make their lives miserable, or suppose the men demean the women. Such misconduct may be actionable under the Constitution.”); Massey v. Johnson, 457 F.3d 711, 721 (7th Cir.2006) (“In the first amendment context, harassment ... may be actionable if it is designed to deter a public employee’s free speech.”); Tierney v. Vahle, 304 F.3d 734, 740 (7th Cir.2002) (“[D]efamation inflicts sufficient harm on its victim to count as retaliation.... ”).
*959 Our standard for actionable retaliatory speech was acknowledged with approval by the Supreme Court in Rutan v. Republican Party of Illinois, 497 U.S. 62, 76 n. 8, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990) (“[T]he First Amendment ... protects state employees ... from ‘even an act of retaliation as trivial as failing to hold a birthday party for a public employee ... when intended to punish her for exercising her free speech rights.’ ” (quoting Rutan v. Republican Party of Ill., 868 F.2d 943, 954 n. 4 (7th Cir.1989) (citing Bart, 677 F.2d at 622))). And it has been adopted or reaffirmed by a majority of our sister circuits. See, e.g., Welch v. Ciampa, 542 F.3d 927, 937 (1st Cir.2008) (recognizing retaliatory harassment may be actionable under objective test); Coszalter v. City of Salem, 320 F.3d 968, 976 (9th Cir.2003) (same); Naucke v. City of Park Hills, 284 F.3d 923, 928 (8th Cir.2002) (same); Toolasprashad v. Bureau of Prisons, 286 F.3d 576, 584-85 (D.C.Cir.2002) (same); Bloch v. Ribar, 156 F.3d 673, 679-80 (6th Cir.1998) (same); Bernheim v. Litt, 79 F.3d 318, 325-26 (2d Cir.1996) (same). But see McLaughlin v. Watson, 271 F.3d 566, 573-74 (3d Cir.2001) (holding that speech must be a threat or coercion to be actionable); Colson v. Grohman, 174 F.3d 498, 513-14 (5th Cir.1999) (holding that, in the First Amendment employment context, harassing speech must constitute “constructive adverse employment action” to be actionable); cf. Keenan v. Tejeda, 290 F.3d 252, 258 (5th Cir.2002) (recognizing that outside of the employment context, speech that would “chill a person of ordinary firmness” is actionable). Indeed, even the Fourth Circuit case cited by the majority accepts that retaliatory speech that is “sufficiently embarrassing, humiliating, or emotionally distressful” may be “one possible exception” to its rule requiring a threat of punishment for cognizability. Suarez Corp. Indus., v. McGraw, 202 F.3d 676, 688 (4th Cir.2000).
In light of our enduring recognition that harassing retaliatory speech may be actionable under § 1983, I write separately to make clear that the majority’s position neither deviates from nor disturbs this well-settled position. Given the facts of this case, I — like the majority — do not believe that Sheriff Clarke’s statements rise to the level of actionability. I therefore concur.